UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| William P. Peterson, Jr., | ) | |
| --- | --- | --- |
| Plaintiff, | ) | Civil Action No.: 9:17-cv-00516-AMQ |
| vs. | ) | |
| | ) | |
| | ) | **ORDER AND OPINION** |
| Nancy A. Berryhill, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This is a Social Security appeal brought pursuant to 42 U.S.C. § 405(g) in which Plaintiff William P. Peterson, Jr. ("Plaintiff") seeks judicial review of the final decision of the Acting Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 D.S.C., this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("Report") on March 12, 2018, recommending that the Commissioner's decision be affirmed. (ECF No. 17). Plaintiff filed objections to the Report ("Objections") on March 21, 2018 (ECF No. 20), and the Commissioner filed her Reply on April 4, 2018. (ECF No. 21.) The Court has reviewed Plaintiff's Objections and the record in this case. For the reasons stated below, the Court declines to adopt the Report and Recommendation and, therefore, reverses and remands the Commissioner's decision.

I.       FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part. Plaintiff filed an application

for DIB benefits on March 21, 2013. (Tr. at 12.) Plaintiff alleged a disability onset date of June 15, 2010. (Tr. at 12.) The application was denied initially and upon reconsideration by the Social Security Administration. (Tr. at 12.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") which was held on September 15, 2015. (Tr. at 12.) At the hearing, Plaintiff amended his alleged onset date to January 8, 2013. (Tr. at 35.) On October 14, 2015, the ALJ issued a decision and denied Plaintiff's claim. (Tr. at 12-25.) The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. at 1), thereby making the ALJ's decision the final decision of the Commissioner. (Tr. at 1-3.) Plaintiff filed an action in this Court on February 23, 2017. (ECF No. 1.)

## II. REPORT AND RECOMMENDATION

The Magistrate Judge recommends that the Commissioner's final decision be affirmed. (ECF No. 17 at 26.) The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's

findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

In the Report, the Magistrate Judge reviewed Plaintiff's medical history in detail. (ECF No. 17 at 4-14.) The Magistrate Judge then addressed the ALJ's credibility findings in response to Plaintiff's assertion that the Residual Functional Capacity ("RFC") is not supported by substantial evidence. (ECF No. 17 at 14.) In so doing, he detailed the relevant legal framework in effect at the time of the ALJ's decision, and the objective and subjective evidence in the record considered by the ALJ in assessing the credibility of Plaintiff's statements. (ECF No. 17 at 14-15.) The Magistrate Judge also detailed the ALJ's consideration of Plaintiff's testimony regarding the effects of his mental impairments, but found no reversible error in the ALJ's findings on the issue. (ECF No. 17 at 17.) The Magistrate Judge noted that the ALJ accounted for Plaintiff's alleged mental impairments and medication side effects by limiting his exposure to work place hazards and to the performance of only unskilled work with no production-paced work. (ECF No. 17 at 18.) He also opined that the ALJ discounted Plaintiff's allegations concerning his anxiety and depression based on treatment records, the findings of the state agency consultants, and inconsistencies between Plaintiff's allegations and his medical records, as well as the entire record. (ECF No. 17 at 19.)

Turning specifically to the ALJ's RFC determination, the Magistrate Judge detailed the ALJ's narrative discussion of the medical and non-medical evidence leading to the ALJ's conclusion that Plaintiff had the RFC to perform a limited range of sedentary work, and her reasons for discounting certain of the opinions. (ECF No. 17 at 21-22.) In sum, the Magistrate Judge concludes that the ALJ's discussion and analysis satisfies the requirements of SSR 96-8p, that the decision reflects the ALJ's consideration of the record evidence and the effect Plaintiff's

3

impairments had on his ability to work, and that the ALJ sufficiently articulated her assessment of the evidence such that the Court can trace the path of the ALJ's reasoning. (ECF No. 17 at 24-25.) The Magistrate Judge concluded that substantial evidence supports both the ALJ's credibility and RFC assessment, recommending this Court affirm the decision of the Commissioner. (ECF No. 17 at 26.)

## III. PARTIES' RESPONSE

Plaintiff filed Objections to the Report on March 21, 2018. (ECF No. 20.) Plaintiff argues that the ALJ's ruling runs counter to SSR 12-2p, and that the ALJ did not provide sufficient explanation for this Court to determine that the ALJ accounted for the subjective nature of Plaintiff's symptoms associated with fibromyalgia in her analysis beyond step two. (ECF No. 20 at 7.) Plaintiff contends that the ALJ and Magistrate Judge erred in relying on a lack of objective medical evidence to support Plaintiff's fibromyalgia symptoms, improperly discounting the limitations of pain and fatigue caused by the disease. (ECF No. 20 at 3.) Plaintiff argues that the ALJ overlooked serious mental health symptoms suffered by Plaintiff in making her findings. (ECF No. 20 at 3-4.)

Plaintiff also objects to the ALJ's RFC assessment, specifically claiming the ALJ failed to explain why Plaintiff is able to perform sedentary work, in light of objective and subjective evidence of nonexertional and exertional symptoms of fibromyalgia and serious mental illness. (ECF No. 20 at 5.) Plaintiff contends that the ALJ's limited explanation warrants remand. Finally, Plaintiff claims that the Magistrate Judge and the ALJ overlooked critical aspects of Plaintiff's treatment history in discounting the opinion of Plaintiff's treating physician. (ECF No. 20 at 6.) The Commissioner filed a response to Plaintiff's Objections, relying on her previous briefing to

4

the Court and the Report in asking this Court to affirm the Commissioner's decision. (ECF No. 21.)

IV.     DISCUSSION OF THE LAW

       A. STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper standard or misapplication of the law. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987). "[T]he courts must not abdicate

their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58. In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater,* 64 F.3d 657, 1995 WL 478032, *2 (4th Cir. 1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986)).

> B.  **ANALYSIS AND DISCUSSION**

The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see Woods v. Berryhill*, 888 F.3d 686, 689 (4th Cir. 2018). It is Plaintiff's duty both to produce evidence and prove he is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995)("The applicant bears the burden of production and proof during the first four steps of the inquiry."). Nevertheless, the ALJ is to develop the record and where he "fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980).

Here, the ALJ found that Plaintiff had the following severe impairments: obesity, fibromyalgia, degenerative disc disease, history of pericarditis, depression and anxiety. (Tr. at 14.)

6

In view of the medical evidence, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listing. (Tr. at 15.) The ALJ gave specific attention to Plaintiff's fibromyalgia, indicating that she evaluated Plaintiff's fibromyalgia under SSR 12-2p. (Tr. at 15.) The ALJ indicated "[w]hile the claimant's treating physician noted the claimant exhibited tenderpoints consistent with fibromyalgia, there is no evidence that other disorders that could cause these symptoms/manifestations were excluded." (Tr. at 15.) Still, giving Plaintiff the benefit of the doubt, the ALJ found "there is sufficient evidence to assess the claimant's fibromyalgia as a medically determinable impairment and have evaluated it under the listings in Section 1.00." (Tr. at 15.) Having done so, ALJ ultimately concluded that Plaintiff's fibromyalgia did not meet or medically equal any listing under Section 1.00. (Tr. at 15.) The ALJ also considered all of Plaintiff's other alleged impairments and the combined effect of those impairments, both severe and non-severe, on Plaintiff's ability to work. (Tr. at 17.) The ALJ acknowledged that while the combination of Plaintiff's impairments imposes some limitations, there is no indication that the combination of impairments imposes greater limitations than that of Plaintiff's RFC. (Tr. at 17.) In view of the entire record, the ALJ found that Plaintiff has the RFC to perform sedentary work as further explained in the decision. In so doing, the ALJ considered opinion evidence, as well as all symptoms in light of the objective medical evidence and other evidence. (Tr. at 18-24.) Considering Plaintiff's age, education, work experience and RFC, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. at 24.)

This Court has reviewed Plaintiff's Objections, the Report and the record in this case. The Report is thorough, well-reasoned and consistent with the analysis the undersigned would expect.

Notwithstanding, the Court believes that the matter should be remanded for the reasons set forth below.

In terms of an objection, Plaintiff claims that the ALJ did not did not provide sufficient explanation for this Court to determine whether the ALJ accounted for the subjective nature of Plaintiff's fibromyalgia symptoms in her analysis beyond step two. Plaintiff contends that the Magistrate Judge discounted Plaintiff's fibromyalgia symptoms in his review of the ALJ's decision. (ECF No. 20 at 2.) The ALJ explained that she evaluated Plaintiff's fibromyalgia symptoms in accordance with SSR 12-2p. SSR 12-2p gives guidance on how to develop evidence to establish that a person has a medically determinable impairment of fibromyalgia, and how to develop fibromyalgia in disability claims and continuing disability reviews. *See* Social Security Ruling, SSR 12-2p; Titles II and XVI: Evaluation of Fibromyalgia, 77 FR 43640-01. The Ruling sets forth the two-step process an ALJ should use to evaluate a person's statements about his symptoms and functional limitations. After a medically determinable impairment is established, an ALJ will "evaluate the intensity of a person's pain or any other symptoms and determine the extent to which the symptoms limit the person's capacity to work." *Id.*

Here, the ALJ addressed at step three, that fibromyalgia (and in combination) did not meet or medically equal any listing, but in doing so, assessed fibromyalgia as a medically determinable impairment in a manner consistent with SSR 12-2p. (Tr. at 15.) At step four, in evaluating the RFC, the ALJ noted Plaintiff's complaint of joint pain in an April 2013 medical record, among other objective medical findings which indicated, *inter alia*, Plaintiff's full range of motion of all joints, normal gait and full strength. (Tr. at 18.) The ALJ then indicated that she accounted for Plaintiff's fibromyalgia and reports of related fatigue in limiting the amount he can "lift, carry, stand, walk and perform postural activities and in finding [he] can perform only unskilled work

8

with no production-paced work." (Tr. at 19.) The ALJ also concluded that Plaintiff's statements concerning the intensity, persistence and limiting effects of Plaintiff's medically determinable impairments were not entirely credible. (Tr. at 22.) Although the ALJ's conclusions may ultimately be correct, SSR 12-2p requires the ALJ to "evaluate the intensity and persistence of the person's pain or any other symptoms and determine the extent to which the symptoms limit the person's capacity for work." Social Security Ruling, SSR 12-2p; Titles II and XVI: Evaluation of Fibromyalgia, 77 FR 43640-01. At the same time, in order for this Court to determine if substantial evidence supports the ALJ's ruling, the record "should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013). "If the reviewing court has no way of evaluating the basis for the ALJ's decision, then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Id.* (internal citations and quotations omitted).

Upon conducting a *de novo* review, it is not clear to this Court whether and how the ALJ in fact considered Plaintiff's subjective complaints of pain in the RFC assessment. (Tr. at 41-42); *see Myers v. Califano*, 611 F.2d 980, 983 (4th Cir. 1980)("The administrative law judge should have evaluated the pain's impact, even though its intensity was shown only by subjective evidence."); *Smith v. Colvin*, No. 1:14-CV-04400-RBH, 2016 WL 1089302, at *8 (D.S.C. Mar. 21, 2016)("Although Plaintiff's testimony accentuates those symptoms consistent with fibromyalgia, the ALJ failed to specifically account for this testimony detailing Plaintiff's subjective complaints of pain."). Although the ALJ found Plaintiff's fibromyalgia to be a severe impairment, she does not include an explanation of how Plaintiff's fibromyalgia impacts his ability to perform work or otherwise affected the determination of Plaintiff's RFC. The ALJ indicates that

9

she accounted for Plaintiff's "subjective reports of pain and fatigue symptoms in limiting the amount he can lift, perform postural activities, and be exposed to hazards." (Tr. at 23-24.) However, her explanation for doing so is not sufficiently clear to allow the Court to conduct a meaningful review of the decision. *See Monroe v. Colvin*, 826 F.3d 176, 190 (4th Cir. 2016). The ALJ's decision may turn out to be correct. This decision is not intended to suggest otherwise. However, to allow for a proper review, the decision needs a more fulsome explanation of how Plaintiff's subjective reports were evaluated.

Likewise, Plaintiff argues that the ALJ failed to explain why, in light of objective and subjective evidence of fibromyalgia and other impairments, Plaintiff would be able to perform sedentary work. (ECF No. 20 at 5.) Plaintiff argues that remand is necessary under *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), an opinion where the Fourth Circuit concluded that an ALJ erred by not conducting a function-by-function analysis, and not explaining the plaintiff's moderate limitation in her ability to maintain her concentration, persistence, or pace, among other things. Here, the Magistrate Judge correctly notes the ALJ included in her decision a narrative discussion of the medical and non-medical evidence in her RFC analysis. Further, the Magistrate Judge correctly cites the requirement under *Mascio* for a function-by-function analysis. The ALJ, however, does not explain her "function-by-function" reasons for ultimately concluding Plaintiff can perform a reduced range of sedentary work in a manner that would allow for meaningful review.

"Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983). To be sure, the Court does not express an opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct. However, in light of *Mascio*, remand

is necessary in this case.[1] On remand, the ALJ should fully assess Plaintiff's ability to perform work-related tasks on a function-by-function basis, and sufficiently explain her findings and reasons for crediting or discrediting evidence, including Plaintiff's subjective complaints of pain in a manner consistent with this Order.

V.  **CONCLUSION**

After a thorough *de novo* review of the Report and the record in this case pursuant to the standard set forth above, this Court does not concur in the ultimate recommendation of the Magistrate Judge. This Court incorporates the law and facts set forth in the Report by reference to the extent not inconsistent with this order, but otherwise declines to adopt the Report in full. The decision of the Commissioner to deny benefits is, therefore, REVERSED and REMANDED for additional consideration and analysis consistent with this Order.

**IT IS SO ORDERED.**

/s/ A. Marvin Quattlebaum, Jr.
United States District Judge

August 29, 2018
Greenville, South Carolina

---

[1] Plaintiff makes two additional objections in arguing that: (1) the ALJ overlooked serious mental health symptoms suffered by Plaintiff in making her findings (ECF No. 20 at 3-4); and (2) the ALJ improperly gave treating physician Dr. Hank Burger's opinion less weight in light of Plaintiff's treatment history (ECF No. 20 at 5-6.) The Court has reviewed the record and finds no error in that the ALJ explained her findings on these points in great detail and they are supported by substantial evidence in the record. But because this Court finds that the ALJ's failure to adequately explain her RFC assessment and analysis of Plaintiff's subjective complaints of pain and credibility is a sufficient basis for remand, the Commissioner should take into account these issues on remand, particularly to the extent they may impact the RFC assessment.